UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMAR YOUNG,<br><br>        Plaintiff,<br><br>    v.<br><br>SGT. STENGER, et al.,<br><br>        Defendants. | Case No. 21-cv-08131-DMR (PR)<br><br>**ORDER OF SERVICE** |

## I.   INTRODUCTION

Plaintiff, who is currently in custody at the West County Detention Facility ("WCDF"), has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. In his complaint, Plaintiff names the following police officials from the Antioch Police Department as Defendants: Sgt. Stenger; and Detectives Inabnett, Mellone, and Bledsoe. Plaintiff seeks monetary and punitive damages.

Plaintiff has consented to magistrate judge jurisdiction. Dkt. 6. Therefore, this matter has been assigned to the undersigned Magistrate Judge. Dkt. 4. His motion for leave to proceed *in forma pauperis* will be granted in a separate written order. Dkts. 2, 5.

Venue is proper because the events giving rise to the claims are alleged to have occurred at WCDF, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

## II.   DISCUSSION

### A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek

monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Fourth Amendment Claim

According to the allegations in the complaint, Defendants used excessive force against Plaintiff when he was being interrogated on October 29, 2020. Dkt. 1 at 2-3, 4-5.[1] Plaintiff claims that during the interrogation, he refused when officers requested to put a mask on him in order for them to "take a photograph of [him] in the mask." *Id.* at 4-5. Defendant Inabnett told Plaintiff that "he would have other Antioch police officers come into the room and use force to gain [Plaintiff's] compliance." *Id.* at 5. Defendants Stenger, Mellone, and Bledsoe then entered the room. *Id.* Plaintiff claims that Defendant Stenger held him in a "physical headlock and chokehold," and Defendants Mellone and Bledsoe held Plaintiff down "while one of them use two fingers to put pressure on [his] jawline to help enforce what [Defendant Inabnett] had planned to do next." *Id.* at 2-3. Defendant Mellone "pressed violently" in the area "where [Plaintiff's] jaw and ear connect," and Defendant Stegner "began choking [Plaintiff]." *Id.* at 5. Defendant Inabnett then put a mask on Plaintiff, and took a picture of him in a mask. *Id.* Plaintiff claims that he suffered "horrific pain in [his] neck and jaw and was in agony when [he] ate food for a couple of weeks." *Id.*

The Court notes that because Plaintiff was a post-arrest, pre-arraignment detainee at the time of the incident, Defendants' alleged use of force is governed by the Fourth Amendment. *See Pierce v. Multnomah County*, Or., 76 F.3d 1032, 1043 (9th Cir. 1996).

The Fourth Amendment reasonableness standard applies to allegations of use of excessive

---

[1] Page number citations refer to those assigned by the court's electronic case management filing system and not those assigned by Plaintiff.

2

force against an arrestee while detained in custody post-arrest but pre-arraignment. *See Pierce*, 76 F.3d at 1043; *cf. Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989) (post-arraignment pretrial detainee protected from use of excessive force by Due Process Clause of Fourteenth Amendment).

    Determining whether the force used is reasonable requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake. *Graham*, 490 U.S. at 396. Because the reasonableness test is not capable of precise definition or mechanical application, its proper application requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight. *Id.* These factors are not exclusive, however, and the totality of the particular circumstances of each case must be considered. *See Fikes v. Cleghorn*, 47 F.3d 1011, 1014 (9th Cir. 1995) (jury instruction complies with Graham by focusing on totality of circumstances); *see also Brewer v. City of Napa*, 210 F.3d 1093, 1097 (9th Cir. 2000) (jury need not be instructed to specifically consider "alternative courses of action" available to defendant police officers).

    Liberally construed, Plaintiff's allegations state a cognizable Fourth Amendment claim against Defendants Stenger, Mellone, and Bledsoe for the alleged use of excessive force and against Defendant Inabnett for failing to intervene.

### III.   CONCLUSION

    For the foregoing reasons, the court orders as follows:

    1.    Plaintiff's complaint states a cognizable Fourth Amendment claim against Defendants, stemming from the October 29, 2020 incident.

    2.    The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint (dkt. 1), a copy of this order, and the notice of assignment of prisoner case to a United States magistrate judge and accompanying magistrate judge jurisdiction consent or declination to consent form to the following Defendants: **Sgt. Stenger; and Detectives Inabnett, Mellone, and Bledsoe at the Antioch Police Department.** The Clerk shall also mail a copy of the complaint and a copy

3

1  of this order to the Antioch City Attorney's Office. Additionally, the Clerk shall mail a copy of this order to Plaintiff.

3.  Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form.  If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent.  (This allows a longer time to respond than would be required if formal service of summons is necessary.)  Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons.  If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.  And, within **twenty-eight (28) days** thereafter, Defendants shall file a magistrate judge jurisdiction consent or declination to consent form.

4.  Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure.  The following briefing schedule shall govern dispositive motions in this action:

   a.  No later than **sixty (60) days** from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion.  The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue.  A motion for summary judgment also must be accompanied by a *Rand*[2] notice so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to

---

[2]  *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

4

oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in Rand must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice. However, the court notes that under the new law of the circuit, in the rare event that a failure to exhaust is clear on the face of the complaint, Defendants may move for dismissal under Rule 12(b)(6) as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), should be raised by a defendant as an unenumerated Rule 12(b) motion). Otherwise if a failure to exhaust is not clear on the face of the complaint, Defendants must produce evidence proving failure to exhaust in a motion for summary judgment under Rule 56. *Id.* If undisputed evidence viewed in the light most favorable to Plaintiff shows a failure to exhaust, Defendants are entitled to summary judgment under Rule 56. *Id.* But if material facts are disputed, summary judgment should be denied and the district judge rather than a jury should determine the facts in a preliminary proceeding. *Id.* at 1168.

If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due. All papers filed with the court shall be promptly served on Plaintiff.

    b.  Plaintiff's opposition to the dispositive motion shall be filed with the court and served on Defendants no later than **twenty-eight (28) days** after the date on which Defendants' motion is filed.

    c.  Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact—that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing

makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154 F.3d at 962-63.

Plaintiff also is advised that—in the rare event that Defendants argue that the failure to exhaust is clear on the face of the complaint—a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice.  To avoid dismissal, you have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court.  Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents—documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein.  As mentioned above, in considering a motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to this portion of the case. *Albino*, 747 F.3d at 1168.

(The notices above do not excuse Defendants' obligation to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 935.)

    d.    Defendants shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

    e.    The motion shall be deemed submitted as of the date the reply brief is due.

6

No hearing will be held on the motion unless the court so orders at a later date.

5. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

6. All communications by Plaintiff with the court must be served on Defendants or their counsel, once counsel has been designated, by mailing a true copy of the document to them.

7. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. See L.R. 3-11(a). The court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the court has been returned to the court as not deliverable, and (2) the court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. See L.R. 3-11(b).

8. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

IT IS SO ORDERED.

Dated: April 7, 2022

DONNA M. RYU
United States Magistrate Judge