UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMAR YOUNG,<br><br>    Plaintiff,<br><br>    v.<br><br>SGT. STENGER, et al.,<br><br>    Defendants. | Case No. 21-cv-08131-DMR (PR)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT; SCREENING AMENDED COMPLAINT; ADDRESSING OTHER PENDING MOTIONS; AND SCHEDULING SUMMARY JUDGMENT** |

**INTRODUCTION**

Plaintiff, who is currently in custody at the West County Detention Facility, has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. In his original complaint, plaintiff named the following police officials from the Antioch Police Department as defendants: Sgt. Stenger; and Detectives Inabnett, Mellone, and Bledsoe. Plaintiff sought monetary and punitive damages. According to the allegations in the original complaint, defendants used excessive force against plaintiff when he was being interrogated on October 29, 2020. *See* Dkt. 1 at 2-5.[1] Plaintiff claimed that during the interrogation, he refused when officers requested to put a mask on him in order for them to "take a photograph of [him] in the mask." *Id.* at 4-5. Plaintiff claims that defendants used excessive force against him when they forced him to wear the mask. *Id.* at 2-5.

In an Order dated April 7, 2022, the court screened the complaint (dkt. 1), and determined that it stated a cognizable Fourth Amendment claim against the named defendants.[2] *See* Dkt. 8 at

---

[1] Page number citations refer to those assigned by the court's electronic case management filing system and not those assigned by plaintiff.

[2] The court notes that because plaintiff was a post-arrest, pre-arraignment detainee at the time of the incident, defendants' alleged use of force is governed by the Fourth Amendment. *See Pierce v. Multnomah County, Or.*, 76 F.3d 1032, 1043 (9th Cir. 1996).

2-3. The court found that, liberally construed, plaintiff's allegations stated a cognizable Fourth Amendment claim against defendants Stenger, Mellone, and Bledsoe for the alleged use of excessive force and against Defendant Inabnett for failing to intervene. *See id.*

All named defendants have since been served, and they have filed their answer to the complaint. Dkt. 22.

Thereafter, plaintiff has filed a motion for leave to file an amended complaint, which defendants oppose. *See* Dkts. 13, 24. He has also filed a copy of his amended complaint (dkt. 15) and another identical motion to amend (dkt. 26).

Also before the court are plaintiff's motion for default judgment, which defendants also oppose (dkts. 14, 25), and defendants' motion for an extension of time to file their motion for summary judgment (dkt. 28),

## DISCUSSION

### A. Motion for Leave to File Amended Complaint

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course within twenty-one days after serving it or, if the pleading is one to which a responsive pleading is required, within twenty-one days after service of a responsive pleading. Fed. R. Civ. P. 15(a). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(b). Federal Rule of Civil Procedure 15(a) is to be applied liberally in favor of amendments and, in general, leave shall be freely given when justice so requires. *See Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994). There is no indication that plaintiff's motion is sought in bad faith, constitutes an exercise in futility, or creates undue delay. *See id.* Nor is there any suggestion that allowing plaintiff to file his proposed amended complaint would cause defendants any undue prejudice. *See id.* Accordingly, plaintiff's motion for leave to file an amended complaint is GRANTED. Dkts. 13, 26.

The court notes that plaintiff has listed the same named defendants in his amended complaint. Dkt. 15 at 2. He seeks monetary and punitive damages as well as declaratory and injunctive relief. *Id.* at 4-5. The facts outlined in the amended complaint are very similar to those

in his original complaint except for a few minor differences, i.e., one difference is that plaintiff now claims that officers asked him to wear a mask after he told them he was willing to take a lie detector test, as opposed to his previous allegation in his original complaint that officers wanted to take a photograph of him in a mask. *Id.* at 2-3. Plaintiff also attempts to allege identical claims of excessive force under the "Eighth Amendment" as well as the "Fourteenth Amendment." *Id.* at 3. The treatment a convicted prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993). However, plaintiff was *not* a convicted prisoner at the time of the alleged excessive force incident. As mentioned above, the Fourth Amendment reasonableness standard applies to allegations of use of excessive force against an arrestee while detained in custody post-arrest but pre-arraignment, such as plaintiff here. *See Pierce*, 76 F.3d at 1043; *cf. Whitley v. Albers*, 475 U.S. 312, 319 (1986) (ellipsis in original) (internal quotation and citation omitted) ("After incarceration, only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment."); *Graham v. Connor*, 490 U.S. 386, 395 n.10. (1989) (post-arraignment pretrial detainee protected from use of excessive force by Due Process Clause of Fourteenth Amendment). Lastly, the court notes that the amended complaint alleges a state law claim of negligence against defendant Stenger for failing to prevent a "safety issue." Dkt. 15 at 4.

The court has screened the amended complaint as required by 28 U.S.C. § 1915A and finds that, liberally construed, it states: (1) a cognizable Fourth Amendment claim against defendants Stenger, Mellone, and Bledsoe for the alleged use of excessive force and against defendant Inabnett for failing to intervene; and (2) a supplemental state law claim for negligence, as against defendant Stenger. All other claims are DISMISSED without prejudice.

**B.      Motion For Default Judgment**

Plaintiff has also filed a request for default judgment. Dkt. 14.

Under Rule 55 of the Federal Rules of Civil Procedure, judgment by default may be entered "[w]hen a party against whom affirmative relief is sought has failed to plead or otherwise defend as provided by these rules." Fed. R. Civ. P. 55(a). Rule 55(b)(2) provides that the court

may grant a default judgment after default has been entered by the Clerk of the Court. Fed. R. Civ. P. 55(b)(2). Default judgments are generally disfavored, and "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986).

In the present case, no default has been entered against defendants. In addition, because defendants have filed an answer (dkt. 22), a default cannot be entered against them. *See* Schwarzer, et al., *Cal. Practice Guide, Fed. Civ. P. Before Trial* § 6.4 (TRG 2014). Accordingly, plaintiff's request for default judgment is DENIED. Dkt. 14.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. Plaintiff's motion for leave to file an amended complaint is GRANTED. Dkts. 13, 26. Plaintiff's proposed amended complaint, which was filed by the clerk on April 18, 2022, is now the operative complaint in this action. Dkt. 15.

2. The court finds that, liberally construed, the amended complaint states: (1) a cognizable Fourth Amendment claim against defendants Stenger, Mellone, and Bledsoe for the alleged use of excessive force and against defendant Inabnett for failing to intervene; and (2) a supplemental state law claim for negligence, as against defendant Stenger. All other claims are DISMISSED without prejudice. The clerk shall mail a copy of the amended complaint and a copy of this order to defendants' counsel at the Antioch City Attorney's Office. Additionally, the clerk shall mail a copy of this order to plaintiff.

3. Plaintiff's request for default judgment is DENIED. Dkt. 14.

4. Because a new briefing schedule will be issued below, the court DENIES as moot defendants' motion for an extension of time to file a motion for summary judgment. Dkt. 28.

5. The following briefing schedule shall govern dispositive motions in this action:

   a. No later than **forty-five (45) days** from the date of this Order, defendants shall file a motion for summary judgment or other dispositive motion. The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from

4

the events at issue. A motion for summary judgment also must be accompanied by a *Rand*[3] notice so that plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in *Rand* must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice. However, the court notes that under the new law of the circuit, in the rare event that a failure to exhaust is clear on the face of the amended complaint, defendants may move for dismissal under Rule 12(b)(6) as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), should be raised by a defendant as an unenumerated Rule 12(b) motion). Otherwise if a failure to exhaust is not clear on the face of the amended complaint, defendants must produce evidence proving failure to exhaust in a motion for summary judgment under Rule 56. *Id.* If undisputed evidence viewed in the light most favorable to plaintiff shows a failure to exhaust, defendants are entitled to summary judgment under Rule 56. *Id.* But if material facts are disputed, summary judgment should be denied and the district judge rather than a jury should determine the facts in a preliminary proceeding. *Id.* at 1168.

If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due. All papers filed with the court shall be promptly served on plaintiff.

      b.      Plaintiff's opposition to the dispositive motion shall be filed with the court and served on defendants no later than **twenty-eight (28) days** after the date on which defendants' motion is filed.

      c.      Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you

---

[3] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

5

1  must do in order to oppose a motion for summary judgment. Generally, summary judgment must
2  be granted when there is no genuine issue of material fact—that is, if there is no real dispute about
3  any fact that would affect the result of your case, the party who asked for summary judgment is
4  entitled to judgment as a matter of law, which will end your case. When a party you are suing
5  makes a motion for summary judgment that is properly supported by declarations (or other sworn
6  testimony), you cannot simply rely on what your amended complaint says. Instead, you must set
7  out specific facts in declarations, depositions, answers to interrogatories, or authenticated
8  documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's
9  declarations and documents and show that there is a genuine issue of material fact for trial. If you
10 do not submit your own evidence in opposition, summary judgment, if appropriate, may be
11 entered against you. If summary judgment is granted, your case will be dismissed and there will
12 be no trial. *Rand*, 154 F.3d at 962-63.

      Plaintiff also is advised that—in the rare event that defendants argue that the failure to exhaust is clear on the face of the amended complaint—a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. To avoid dismissal, you have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents— documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your amended complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. As mentioned above, in considering a motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to this portion of the case. *Albino*, 747 F.3d at 1168.

      (The notices above do not excuse defendants' obligation to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and

1  motions for summary judgment.  *Woods*, 684 F.3d at 935.)

2          d.      Defendants shall file a reply brief no later than **fourteen (14) days** after the date plaintiff's opposition is filed.

4          e.      The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

6. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure.  Leave of the court pursuant to Rule 30(a)(2) is hereby granted to defendants to depose plaintiff and any other necessary witnesses confined in prison.

7. It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address.  *See* L.R. 3-11(a).  The court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the court has been returned to the court as not deliverable, and (2) the court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address.  *See* L.R. 3-11(b).

8. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

9. This Order terminates Docket Nos. 13, 14, 26, and 28.

IT IS SO ORDERED.

Dated: 8/23/2022

_____
DONNA M. RYU
United States Magistrate Judge