UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMAR YOUNG,<br><br>    Plaintiff,<br><br>v.<br><br>SGT. STENGER, et al.,<br><br>    Defendants. | Case No. 21-cv-08131-DMR (PR)<br><br>**ORDER REGARDING COUNSEL; REOPENING ACTION; SCHEDULING FURTHER SETTLEMENT PROCEEDINGS; AND SETTING CASE FOR TRIAL** |

    This is a stayed and administratively closed action that was referred to the Federal Pro Bono Project ("FPBP") to secure pro bono counsel to represent Plaintiff in preparation for and during trial. The FPBP coordinator has informed the court that the FPBP was unsuccessful in its efforts to find an attorney willing to represent Plaintiff.

    The court has a *Pro Se* Prisoner Mediation Program in which selected prisoner cases with unrepresented plaintiffs are referred to a neutral magistrate judge for mediation proceedings consisting of one or more conferences as determined by the mediator. Good cause appearing, this case is REOPENED and referred to Magistrate Judge Robert M. Illman for further mediation proceedings pursuant to the *Pro Se* Prisoner Mediation Program.

    Because the FPBP's efforts to find a volunteer attorney have been unsuccessful, Plaintiff must represent himself during settlement proceedings. If no settlement is reached, then Plaintiff must represent himself at trial. Although an attorney would have aided with an orderly presentation of the case, self-representation is not beyond Plaintiff's abilities. Plaintiff has been able to articulate his position adequately, and the issues are not particularly complex.

    Many litigants do not want to attend settlement conferences or other alternative dispute resolution proceedings, but the path to trial requires that they first attempt to settle or otherwise resolve their differences. Although a party may be convinced of the correctness of their position,

sometimes they can learn things in settlement that indicate a compromise is a better approach. Not only might a party learn of the weaknesses in their case that they have not considered, they also might learn about the procedural problems they face at trial and potential costs. For example, Plaintiff must pay witness fees for every witness he subpoenas for trial. If Defendants prevail at trial, Defendants may be entitled to an award of costs against Plaintiff. *See* Fed. R. Civ. P. 54(d). Also, under certain circumstances, a prevailing defendant in a civil rights action can recover attorneys' fees, which are usually significantly larger than costs. *See* 42 U.S.C. § 1988(b); *Fox v. Vice*, 563 U.S. 826, 836 (2011) (when civil rights action includes both frivolous and non-frivolous claims, a prevailing defendant may "receive only the portion of his fees that he would not have paid but for the frivolous claim").

Magistrate Judge Illman shall schedule further settlement proceedings within **sixty days (60) days** of the date this order is filed, or as soon thereafter as Magistrate Judge Illman's calendar will permit. Magistrate Judge Illman shall coordinate a place, time and date for one or more settlement conferences with all interested parties and/or their representatives and, within **ten (10) days** after the conclusion of all settlement proceedings, shall file with the court a report thereon.

Other than the further settlement proceedings ordered herein, and any matters Magistrate Judge Illman deems necessary to conduct such proceedings, this action shall continue to be STAYED until further order by the court following the resolution of the settlement proceedings.

Lastly, Plaintiff is again reminded that this case will proceed to trial if it does not settle. If the case does not settle, trial will begin on **December 1, 2025**, and the court will issue another order setting pretrial deadlines to submit materials and for a pretrial conference. Plaintiff will represent himself at trial, and he must comply with any and all scheduling or other pretrial orders. The court may impose sanctions on motion or on its own if a party "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f). The sanctions may include prohibiting the disobedient party from supporting their claims, striking pleadings, staying further proceedings until the order is obeyed, and dismissing the action in whole or in part. Federal Rule of Civil Procedure 41(b) also authorizes dismissal if a party "fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). For example, Plaintiff's failure to attend even one settlement

conference, or his failure to comply with Judge Illman's instructions and orders in every respect, will result in the dismissal of this action with prejudice pursuant to Rule 41(b) for failure to prosecute. *See id.*

The Clerk of the Court shall forward a copy of this order to all parties and to Judge Illman, and terminate all pending motions. Again, while this action has been REOPENED, it will continue to be STAYED until further order of this court.

IT IS SO ORDERED.

Dated: July 28, 2025

DONNA M. RYU
Chief Magistrate Judge