UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LAMAR YOUNG,

          Plaintiff,

     v.

JAMES STENGER, et al.,

          Defendants.

Case No. 21-cv-08131-ASK

**ORDER RE: DISCOVERY LETTER BRIEF**

Re: Dkt. No. 90

Defendants' motion to compel is **DENIED** without prejudice.

Defendants are advised to proceed with deposing Mr. Young. Mr. Young is in custody, unlikely to have documents, and can be questioned about any documents that he does have during his deposition. If Mr. Young indicates that he has relevant documents at his deposition, Defendants may compel their production on a more fulsome record. Defendants can also ask Mr. Young, at his deposition, to admit or deny facts, and to supply answers to questions that might otherwise be presented via interrogatory.

To the extent that Defendants wish to delay a deposition and insist on written discovery in advance, that is Defendants' choice, and the Court is disinclined to endorse that approach or to extend the case schedule for that reason. Indeed, insisting that Mr. Young, a *pro se* prisoner, respond to the proposed volume of written discovery in advance of his deposition when Defendants could accomplish much of that work at his deposition strikes the Court as unreasonable and inefficient, particularly given their stated inability to get in touch with him. If the inefficiencies caused by the Court's proposed approach warrant additional deposition time with Mr. Young, the Court will consider that possibility. But Defendants should keep in mind that the core of this case focuses on an incident that lasted for a few minutes and is largely captured on video, so the Court does not believe that this case warrants extensive discovery.

United States District Court
Northern District of California

Additionally, the Court notes the irony that Defendants seek to excuse themselves from the procedural rules—such as the requirement of meeting and conferring and submitting a joint dispute letter—based on Mr. Young's incarceration but nevertheless expect that Mr. Young's incarceration will have no impact on his ability to litigate. Ultimately, the Court is inclined to extend Mr. Young some leeway for unintentional discovery violations. *See, e.g.*, *Woods v. Carey*, 684 F.3d 934, 939–40 (9th Cir. 2012) (acknowledging "some of the hardships of pro se prisoner plaintiffs" including "the prisoners' limited ability to obtain legal material."); *Rand v. Rowland*, 154 F.3d 952, 958 (9th Cir. 1998) ("The reality of incarceration is still that . . . confinement makes compliance with procedural deadlines difficult because of restrictions on the prisoner's ability to monitor the lawsuit's progress."); *Sanchez v. Rodriguez*, 298 F.R.D. 460, 470 (C.D. Cal. 2014) ("A party's lack of counsel may be considered in evaluating the willfulness of discovery violations and the failure to obey court orders[.]")

**IT IS SO ORDERED.**

Dated: May 21, 2026

_____
AJAY KRISHNAN
United States Magistrate Judge

United States District Court
Northern District of California

2