

John Robinson
jrobinson@cmtrlaw.com
510-485-9020
www.cmtrlaw.com

June 15, 2026

**VIA ECF**

Magistrate Judge Ajay S. Krishnan
Ronald V. Dellums Federal Building & United States Courthouse
1301 Clay Street
Oakland, CA 94612

> Re:     *Lamar Young v. City of Antioch;* Case No: 4:21-cv-08131-AJK
>            Discovery Dispute Letter

Judge Krishnan:

Defendants City of Antioch, Michael Mellone, and Loren Bledsoe respectfully submit this discovery dispute letter concerning Plaintiff Lamar Young's refusal to complete his deposition.

This is not a minor scheduling issue or a routine deposition dispute. Mr. Young appeared for his properly noticed deposition, was sworn, answered questions for approximately two hours, repeatedly disrupted the examination, threatened to terminate the deposition, was warned of the consequences, took a break, and then simply refused to return. He did so after counsel had coordinated the deposition with all counsel, retained a court reporter and videographer, coordinated with prison staff, arranged for Mr. Young to be made available, and ensured a Zoom-equipped room was available, quiet, and reserved for the entire deposition.

Mr. Young's decision to walk out has now materially prejudiced Defendants. Discovery closed on June 12, 2026. Defendants have already attempted to obtain written discovery from Mr. Young, but he did not participate. When Defendants raised that issue with the Court, the Court declined to intervene, noting in part that requiring Mr. Young to respond to extensive written discovery before his deposition was unreasonable and inefficient because Defendants could accomplish much of that work at his deposition. (See ECF No. 91).

Defendants accepted that ruling and proceeded accordingly. They arranged and prepared for Mr. Young's deposition so they could obtain the discovery necessary to defend this case. But exactly what Defendants were concerned about occurred: when the questioning became difficult, Mr. Young stopped participating. Defendants are now facing trial with no meaningful written discovery, an incomplete deposition transcript, no testimony from Mr. Young on important areas of the case, and no opportunity for counsel for Defendants Kelly Inabnett and James Stenger to ask any questions at all.

---

*Young vs. City of Antioch*
Page 2 of 4

Case 4:21-cv-08131-ASK    Document 94    Filed 06/15/26    Page 2 of 4

The Court should dismiss this action for Mr. Young's failure to comply with his discovery obligations. At minimum, the Court should compel Mr. Young to complete his deposition, order that the costs of the continued deposition be borne by Mr. Young, reset the case deadlines, continue trial, and schedule a case management conference so the Court can make clear that Mr. Young must participate in discovery and comply with the same rules that govern every litigant.

## I.      What Happened

Mr. Young appeared for his deposition by Zoom. All counsel appeared. A court reporter and videographer appeared. Mr. Young was sworn and answered questions.

During the deposition, Mr. Young did not make any legal objections. He did not assert a privilege. He did not refuse to answer based on any recognized legal ground. Instead, he repeatedly interrupted counsel, provided long narrative responses to questions that were not asked, asked counsel questions, and became increasingly frustrated with the process.

At least twice, Mr. Young stated in substance that he was missing a "graduation" or something associated with a graduation, suggesting that the deposition was wasting his time. He also threatened to terminate the deposition. Counsel for the City explained that if Mr. Young refused to complete his deposition, Defendants would inform the Court and seek dismissal based on his failure to comply with his discovery obligations.

The parties then took a break. Mr. Young returned and answered additional questions.

At approximately 12:00 p.m., after roughly two hours of testimony, counsel for the City proposed another ten-minute break. Mr. Young then refused to return after the break.

When the parties came back and were prepared to go back on the record, Mr. Young was no longer present by video or audio. The prison contact who had assisted with coordinating the deposition, Kirsty Burkhart, Case Records Technician, then sent the following email at 12:11 p.m.:

"Good afternoon, Please be advised that [Mr. Young] no longer wishes to participate in the hearing today. He has gone back to his housing area."

That email was marked as Exhibit 6 to the deposition and it is attached to this letter. The parties then made a record concerning Mr. Young's refusal to return and postponed the deposition.

## II.      Defendants Were Prejudiced

Defendants have worked hard to defend this case within the deadlines set by the Court. This deposition required more than simply noticing a deposition and appearing by Zoom. Defense counsel had to coordinate with all parties and counsel, retain a court reporter and videographer, communicate with prison staff, ensure Mr. Young was available and understood the purpose of

*Young vs. City of Antioch*  Case 4:21-cv-08131-ASK    Document 94    Filed 06/15/26    Page 3 of 4

Page 3 of 4

the proceeding, confirm that Zoom access was available, and secure an appropriate room for the deposition.

The City did all of that. Mr. Young then abandoned the deposition.

The prejudice is direct and substantial. Defendants were not able to complete their examination. Counsel for Defendants Inabnett and Stenger were not able to ask any questions. Defendants were not able to reach key topics, including Mr. Young's claimed damages. And because discovery closes on June 12, 2026, Defendants do not have a meaningful ability to cure this prejudice through other discovery.

That matters because Defendants already attempted to obtain written discovery. Mr. Young did not participate. Defendants raised that issue with the Court. The Court denied relief in part because it expected Defendants could obtain much of the information at Mr. Young's deposition. Defendants then proceeded exactly as contemplated by the Court's order. Mr. Young's refusal to complete the deposition deprived Defendants of that opportunity.

Defendants should not be forced to go to trial under these circumstances.

### III.    Requested Relief

Defendants respectfully request that the Court dismiss this action based on Mr. Young's failure to comply with his discovery obligations and his refusal to complete his deposition.

Mr. Young is the plaintiff. He brought this case. Defendants have been required to defend his allegations for almost four years. Yet when Defendants finally obtained the opportunity to question him under oath about his claims, his allegations, and his damages, he walked out. That conduct is not compatible with the orderly administration of this case or with the basic discovery obligations that apply to all litigants, including pro se litigants.

If the Court is not inclined to dismiss the case at this time, Defendants request the following alternative relief:

1. An order compelling Mr. Young to appear for and complete his deposition by a date certain;
2. An order requiring Mr. Young to pay the costs associated with the continued deposition, including the court reporter and videographer fees;
3. An order warning Mr. Young that any further refusal to answer proper questions, disruption of the deposition, or failure to complete the deposition will result in dismissal; and
4. A continuance of the current trial date and a reset of all case deadlines necessary to cure the prejudice created by Mr. Young's refusal to complete his deposition.

Defendants are prepared to provide the deposition transcript and video to the Court as soon as those materials are available. Defendants also submitted this letter promptly because

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

discovery is closing, trial is approaching, and Defendants should not be required to continue incurring litigation costs in a case where Plaintiff refuses to participate in basic discovery.

     We appreciate the Court's time and attention on this matter.

Sincerely,

_____

John Robinson

cc:    Lamar Young (via U.S. Mail)
       Counsel for Defendant James Stenger (Steven Dippell, Eric Bengtson, Julie Heaton)
       Counsel for Defendant Kelly Inabnett (Noah Blechman, John Swafford, Sabrina Ahia)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

The Law Offices Of

Castillo, Moriarty, Robinson

75 Southgate Avenue | Daly City, CA 94015