UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LAMAR YOUNG,

        Plaintiff,

    v.

JAMES STENGER, et al.,

        Defendants.

Case No. 21-cv-08131-ASK

**ORDER RE: DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS, MOTION FOR LEAVE, AND DISCOVERY DISPUTE LETTER**

Re: Dkt. Nos. 88, 94

Before the Court are three pending motions: Defendants' motion for judgment on the pleadings, Dkt. 88, motion for leave to file a motion for reconsideration of the denial of summary judgment, Dkt. 93, and discovery dispute letter regarding Plaintiff Young's refusal to complete his deposition. Dkt. 94.

As to the discovery dispute letter, the Court **ORDERS** Defendants to submit by Wednesday, June 24, 2026, the following:

- The transcript and video of Mr. Young's deposition, and

- A supplemental submission—not to exceed two pages—that (1) specifically explains the issues that Defendants covered during the deposition, (2) specifically identifies the remaining issues that Defendants seek to address in a continued deposition, and (3) specifically justifies Defendants' need to address those remaining issues. The supplemental submission should also address what meet-and-confer efforts Defendants made, if any, prior to submitting the dispute letter.

The Court **SETS** a hearing on the discovery dispute for Wednesday, July 1, 2026, at 1:30PM via Zoom. Defendants' counsel shall be responsible for coordinating the videoconference call with court staff and all parties on the line.

United States District Court
Northern District of California

The Court **GRANTS** Defendants' unopposed motion for judgment on the pleadings on Mr. Young's *Monell* claim because Mr. Young has neither alleged nor articulated facts sufficient to support an inference of municipal liability by identifying an official policy or practice that caused the violation of his constitutional rights. Dkt. 88; *see Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978) (concluding that municipalities may not "be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort."). Accordingly, Mr. Young's *Monell* claim against Defendant City of Antioch is **DISMISSED** with prejudice. This action shall proceed only on Mr. Young's Fourth Amendment claim against the individual Defendants and supplemental negligence claim against Defendant Stenger.

The Court **DENIES** Defendants' motion for leave to file a motion for reconsideration. Dkt. 93. Defendants seek reconsideration of the Court's denial of summary judgment on collateral estoppel grounds based on "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such an interlocutory order." Civil L. R. 7-9(b)(3). Defendants insist that the Court failed to consider that the state criminal court denied Mr. Young's motion to suppress photographic evidence on the grounds that:

> the ultimate force that was used was reasonable and necessary to fulfill a valid law enforcement purpose and investigation in a setting where the defendant's expectation of privacy, although not nonexistent was extremely limited and it was done in a manner that did not, in fact, hurt the defendant nor was it designed to do so.

Dkt. 31-2 at 67:14-22.

Contrary to Defendants' claim, the Court's previous order considered the state criminal court's ruling and properly rejected Defendants' collateral estoppel argument because "the issues presented before this federal court and those in state court (relating to the motion to suppress) are *not* identical in substance or in desired relief." Dkt. 48 at 18 n.12. The issues are distinct because they involve two different incidents. As the Court has already observed, "the officers made two attempts to photograph Plaintiff, first with a mask and then with a neck gaiter." Dkt. 48 at 7. The photographs that were the subject of the state court's suppression decision were obtained during the second attempt, and portrayed Mr. Young in "a neck gator . . . a mask that would go all the way around [one's] neck." Dkt. 31-2 at 28:27–29:8; 30:14–32:7. But here, Mr. Young's excessive

2

force claim concerns the force that Defendants used during the first attempt to apply the "normal mask[,]" Dkt. 31-2 at 29:1, "a face mask similar to those used during the COVID-19 pandemic." Dkt. 48 at 1 n.3. The state court's ruling on evidence obtained during the second attempt to photograph Mr. Young in the neck gaiter has no bearing on this Court's adjudication of the force used to apply the face mask during the first attempt. *See McGowan v. City of San Diego*, 208 Cal. App. 3d 890, 895-96 (Ct. App. 1989) (denying collateral estoppel where the municipal court's adjudication of the motion to suppress "did not address the reasonableness" of the alleged incident).

Defendants' cited authority fails to compel a different result. Defendants invoke *McGowan* for the proposition that "[a] suppression ruling in a criminal case can support issue preclusion in a later civil case." Dkt. 93 at 6. Sure. But the *McGowan* court specifically denied collateral estoppel on the grounds that the prior court's suppression decision did not consider the force used during the at-issue incident, a blood draw. *McGowan*, 208 Cal. App. 3d at 896. So too here—the state criminal court did not consider or determine the reasonableness of the force used during the first attempt to photograph Mr. Young. Defendants' citation to *Ayers v. City of Richmond* only underscores the point that a plaintiff "cannot be collaterally estopped from asserting [an excessive force claim premised on alleged conduct that was] not at issue during" the motion to suppress hearing. 895 F.2d 1267, 1272 (9th Cir. 1990).

Accordingly, Defendants' motion for leave to file a motion for reconsideration is **DENIED** because Defendants have failed to demonstrate any "manifest failure" on behalf of the Court.

**IT IS SO ORDERED.**

Dated: June 18, 2026

AJAY KRISHNAN
United States Magistrate Judge

3