UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMAR YOUNG,<br>Plaintiff,<br>v.<br>JAMES STENGER, et al.,<br>Defendants. | Case No. 21-cv-08131-ASK<br><br>**PRETRIAL ORDER** |

In this case, pretrial and trial will take place according to this Pretrial Order, rather than the Court's Pretrial Standing Order.

## I. TRIAL

Jury trial will begin on **Tuesday, September 8, 2026**, in the Oakland Federal Courthouse, 1301 Clay Street, Oakland, California. The parties must arrive by 8:00 a.m. for any matters to be heard outside the presence of the jury. The Court will advise the parties of the courtroom to be used for trial and identify the amount of time each side will have for jury presentation at the Final Pretrial Conference.

## II. PRETRIAL CONFERENCE

Both parties shall attend the pretrial conference set for **Thursday, August 27, 2026, at 2:00 p.m.** via Zoom.

By **Friday, August 17, 2026**, each side shall submit the following four pre-trial filings:

1. A Pretrial Brief containing:
   a. A brief description of the substance of claims and defenses which remain to be decided;
      i. Mr. Young must come to the pretrial conference prepared to address whether, at trial, he intends to challenge the Defendants' decision to

United States District Court
Northern District of California

put the mask on him, in addition to the Defendants' conduct while applying the mask. The Court is currently of the view that if Mr. Young chooses to challenge the decision to put the mask on him, then Defendants may be entitled to introduce evidence at trial about the nature of the underlying crime that Defendants were investigating, as well as the nature and status of the investigation. If Mr. Young chooses to challenge only the Defendants' conduct while applying the mask, then such evidence may not be admissible.

ii. Defendants must come to the pretrial conference prepared to address whether Mr. Young's excessive force claim should be evaluated according to the Fourth Amendment or Fourteenth Amendment. Relatedly, Defendants shall set forth in their Pretrial Brief the chronology of events that led to their interrogation of Mr. Young that clarifies whether Defendants arrested Mr. Young pursuant to a warrant.

b. Each side's separate exhibit list in numerical order, including a brief description of the exhibit, Bates numbers, and the anticipated sponsoring witness(es). Each side shall identify by timestamp the portions of the interview video that they seek to play for the jury at trial.

i. Mr. Young is advised that, if he so chooses, the Court will play portions of the interview video for the jury on his behalf during his presentation of evidence.

ii. Defendants shall personally serve Mr. Young with a binder containing hard copies of the documentary exhibits on which Defendants plan to rely at trial by **Friday, August 17, 2026**.

c. Each side's separate witness list for its case-in-chief witnesses (including those appearing by deposition), including, for all such witnesses, a short statement of the substance of their testimony. For each witness, all parties should state an hour/minute time estimate for examination (*e.g.*, Defendants should also provide time estimates for Mr. Young's case-in-chief witnesses).

d. A statement of which issues, if any, are for the Court to decide, rather than the jury.

2. A set of proposed jury instructions on substantive issues of law arranged in a logical sequence. Each proposed instruction shall be identified as "Proposed Instruction No. ____ Re ___________," with the blanks filled in as appropriate. Any modifications to a form instruction are discouraged and must be plainly identified (preferably, if the modifications are limited, by redline in the text of the proposed instruction itself, accompanied by a note in the argument section so explaining). With respect to form preliminary instructions, general instructions, or

concluding instructions, please simply cite to the numbers of the requested instructions in the current edition of the Ninth Circuit Model Jury Instructions. Other than citing the numbers, the parties shall not include preliminary, general, or concluding instructions in the packet.

3. A combined trial brief not to exceed 10 pages that shall address controlling issues of law and any other issues that may arise during trial.

4. Proposed verdict forms.

## III. MOTIONS IN LIMINE

Motions *in limine* typically cover evidence that a party seeks to exclude from trial and other issues related to how evidence will be presented to the jury.

Any motions *in limine* shall be submitted by **Friday, August 17, 2026**. No such brief may exceed 10 pages. All of a party's *in limine* motions must be included, and each motion should address a single, separate topic. Each individual motion should be properly identified, for example, "Plaintiff's Motion *In Limine* No. 1 to Exclude . . . ."

The Court anticipates precluding the admission of evidence and/or arguments regarding:

1. Information regarding the crimes that Defendants were investigating at the time of the masking incident.
2. Events in Mr. Young's criminal case that occurred after the alleged masking incident, including Mr. Young's conviction and incarceration.

The Court anticipates permitting Defendants to argue that they interviewed Mr. Young as part of an investigation into multiple felonies, and that the purpose of masking Mr. Young was to compare his appearance with a photograph of the suspect.

These anticipated evidentiary rulings depend on the scope of Mr. Young's excessive force claim and are subject to discussion. To the extent that any party seeks to object to the Court's anticipated evidentiary rulings, they may do so in a motion *in limine*.

## IV. PRETRIAL ARRANGEMENTS

Should a daily transcript and/or real-time reporting be desired, the parties shall make arrangements with the Supervisor of the Court Reporting Services, at (415) 522-2079 or transcripts@cand.uscourts.gov, at least 10 calendar days prior to the trial date.

United States District Court
Northern District of California

The courtroom is equipped with monitors and a sound system. Should the parties wish to utilize additional technology, the United States Marshals Service requires a court order to allow equipment into the Courthouse. The parties must file a written request and proposed order no later than 7 days prior to the beginning of trial if they wish to bring any such technology into the Courthouse. Parties should be prepared to fix any equipment, if necessary. For electronic equipment, parties should be prepared to maintain the equipment or have a technician handy at all times. The parties shall tape extension cords to the carpet for safety. The parties may work with the deputy clerk, Kim Means (kim_means@cand.uscourts.gov), on all courtroom-layout issues.

**V. THE JURY**

The Jury Office asks prospective jurors to complete an online jury questionnaire in advance of their summons date. The standard questionnaire is available on the Northern District's website at https://cand.uscourts.gov/wp-content/uploads/Jury_StandardCivilTrial_SurveyMonkey2025.pdf. The Court will provide the parties with hard copies of the survey responses the morning of voir dire.

The Court will conduct voir dire on behalf of the parties. Each side may each submit up to 10 proposed voir dire questions from which the Court will choose by **Tuesday, September 1, 2026**.

**VI. WITNESSES AND OBJECTIONS**

Each morning of trial, at 8:00 a.m., the parties shall identify the witnesses they intend to call and the exhibits that will be used during direct examination (other than for impeachment of an adverse witness). At this time, each side may object to the identified witnesses or direct examination exhibits that the other side intends to raise in court.

The Court anticipates permitting Mr. Young to testify in narrative form as to his background, what happened during the masking incident, and any damages that he may have sustained as a result of the masking incident.

**VII. EXHIBITS**

Absent good cause, the Court limits each side to 30 total exhibits. Absent prior Court approval—which must typically be sought via a motion *in limine* or via the joint Proposed Final

United States District Court
Northern District of California

Pretrial Order—exhibits may only be introduced through a sponsoring witness with personal knowledge.

The parties shall use numbers only, not letters, for exhibits. Blocks of numbers should be assigned to fit the need of the case (*e.g.*, Defendants have 1 to 30, and Mr. Young has 31 to 60, etc.). A single exhibit should be marked only once. If Defendants have marked an exhibit, then Mr. Young should not re-mark the exact document with another number. Different versions of the same document, *e.g.*, a copy with additional handwriting, must be treated as different exhibits with different numbers. To avoid any party claiming "ownership" of an exhibit, all exhibits shall be marked and referred to as "Trial Exhibit No. ______," not as "Plaintiff's Exhibit" or "Defendant's Exhibit." Exhibits tags: Exhibits must be labeled in the lower right-hand corner with the exhibit number in a prominent, bold typeface.

Defendants shall provide the Court with one official set of the record exhibits by **Tuesday, September 1, 2026**. By that same date, Defendants shall personally serve Mr. Young with hard copies of the official set of record exhibits. Each exhibit must be separated with a label divider identifying the exhibit number. Spine labels should indicate the numbers of the exhibits that are in the binders. At trial, the parties shall provide individual witness exhibit binders which contain all the exhibits the parties expect to use with the witness. Defendants shall provide three copies of each witness binder: one for the witness, one for Mr. Young, and one for the Court.

Exhibit notebooks for the jury will not be permitted without prior permission from the Court. Publication must be by poster blow-up, overhead projection, or such other method as is allowed in the circumstances. It is permissible to highlight, circle or underscore in the enlargements as long as it is clear that such markings were not on the original.

Each trial day, after the jury is dismissed, the Court will discuss with the parties the amount of time expended and the exhibits that have been admitted. Before closing arguments, the Court will confer with the parties to make sure the exhibits in evidence are in good order.

## VIII. CHARGING CONFERENCE

As the trial progresses and the evidence is heard, the Court will fashion a comprehensive set of jury instructions to cover all issues actually being tried. Prior to the close of the evidence,

the Court will provide a draft final charge to the parties. After a reasonable period for review, one or more charging conferences will be held at which each party may object to any passage, ask for modifications, or ask for additions. Any instruction request must be renewed specifically at the conference or it will be deemed waived, whether or not it was requested prior to trial. If, however, a party still wishes to request an omitted instruction after reviewing the Court's draft, then it must affirmatively re-request it at the charging conference in order to give the Court a fair opportunity to correct any error. Otherwise, as stated, the request will be deemed abandoned or waived.

**IT IS SO ORDERED.**

Dated: July 30, 2026

AJAY KRISHNAN
United States Magistrate Judge

United States District Court
Northern District of California