United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LAMAR YOUNG,
Plaintiff,

v.

JAMES STENGER, et al.,
Defendants.

Case No. 21-cv-08131-ASK

**ORDER DENYING MOTION TO DISMISS FOR FAILURE TO PROSECUTE**

Re: Dkt. No. 122

Plaintiff Lamar Young brings this 42 U.S.C. § 1983 case against a group of four police officers who, during a custodial interrogation, forcibly placed a mask on him to obtain a comparison photograph. This case was previously set for an in-person jury trial scheduled to commence on September 8, 2026. But because Mr. Young abandoned the pretrial conference on August 27, 2026, the Court vacated the trial date and invited Defendants to file a motion for dismissal for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See* Dkt. 121.

Now before the Court is Defendants' motion to dismiss. Dkt. 122. A month after Defendants moved to dismiss, Mr. Young secured counsel through the Federal Pro Bono Project. Dkt. 123. Mr. Young's newly appointed counsel opposed Defendants' motion, arguing that their "[a]ppointment does not erase the past, but it supplies a concrete alternative" to termination. Dkt. 127 at 13. Indeed, "[p]ublic policy favors disposition of cases on the merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). For the reasons explained below, on the current record, the Court **DENIES** Defendants' motion to dismiss for failure to prosecute.

## I. DISCUSSION

The district court may dismiss a case for failure to prosecute or for failure to comply with a court order. *See* Fed. R. Civ. P. 41(b). "[D]ismissal is a harsh penalty and, therefore, it should only

be imposed in extreme circumstances." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (cleaned up); *see also* Fed. R. Civ. P. 41(b) (stating that dismissal for failure to prosecute "operates as an adjudication on the merits" unless the order says otherwise).

Courts "must weigh five factors" in determining whether to dismiss a case for failure to prosecute: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *See Ferdik*, 963 F.2d at 1260–61. A court need not make "explicit findings in order to show that it has considered these factors," although such findings are preferred. *Id.* at 1261. Here, the Court finds that these factors weigh against dismissal.

"The first two factors—the public interest in expeditious resolution of litigation and the Court's need to manage its docket—relate to the efficient administration of judicial business for the benefit of all litigants with cases pending." *Nealey v. Transportacion Maritima Mexicana, S.A.*, 662 F.2d 1275, 1279 (9th Cir. 1980) (cleaned up). As to the first factor, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan*, 291 F.3d at 642. As to second factor, Mr. Young has demonstrated "routine noncompliance" by abandoning both his deposition and the pretrial conference, and by failing to carry his discovery and pretrial obligations. *Id*. This case "has consumed some of the court's time that could have been devoted to other cases on the docket." *Id*. Nevertheless, the difficulties posed by Mr. Young's incarceration and prior lack of representation mitigate to some extent the impact of the second factor. Additionally, with respect to Court and party resources, the Court recognizes that because Mr. Young now has counsel, there are multiple ways in which burden on the Court (and even opposing counsel) will be lessened. To name just a few: there will be less need for the Court to explain issues to Mr. Young; opposing counsel need not suffer the heavy administrative burden of meeting and conferring with an incarcerated person; Mr. Young's counsel will be responsible for arranging his appearances (and indeed, for some hearings, it may not be necessary for Mr. Young to appear at all); and we will avoid the procedural anomalies and disputes associated with how the trial will proceed with a self-represented, incarcerated party.

As to the third factor, while "the pendency of the lawsuit is not sufficiently prejudicial itself to warrant dismissal," the delay caused by Mr. Young's failure to prosecute this action weighs in favor of dismissal. *Hart v. Lewis*, No. 3:26-CV-04461-JSC, 2026 WL 2209788, at *2 (N.D. Cal. July 29, 2026).

As to the fourth factor, the public policy favoring disposition on the merits definitionally weighs against dismissal. *See Pagtalunan*, 291 F.3d at 643 ("Public policy favors disposition of cases on the merits.").

Finally, as to the fifth factor, the availability of less drastic alternatives weighs against dismissal. The fact that Defendants incurred costs associated with a pretrial conference that they prepared for and that will now need to be repeated can be addressed by a motion for sanctions. The Court will consider such a motion by Defendants after the trial.[1]

Ultimately, the primary prejudice to Defendants stemming from Mr. Young's inappropriate behavior is that Defendants will now need to re-prepare for a pretrial conference. While the Court does not wish to minimize that burden, it is one that can be addressed through a later sanctions motion and can be compensated, in some ways, by the reduced burden of having Mr. Young represented by counsel. Mr. Young is also warned that any additional failure to participate may result in sanctions or dismissal of his case. Considering all of the *Ferdik* factors, dismissal is inappropriate at this time.

//

//

//

//

//

//

[1] With respect to the timing of such a motion, the Court's view is that, in the event of a defense verdict, Defendants may not wish to spend the time or money on a sanctions motion, particularly if Mr. Young is incapable of satisfying an award of monetary sanctions. After trial, the Court will also have a better perspective on whether the premise of Mr. Young's opposition—that his dilatory behavior was a result of being unrepresented—is correct.

## II. CONCLUSION

Defendants' motion to dismiss for failure to prosecute is **DENIED**.

The parties are **ORDERED** to appear before the Court for a case management conference on **Thursday, November 12, at 2:30PM via Zoom**. A case management statement is due one week in advance.

**IT IS SO ORDERED.**

Dated: October 30, 2026

AJAY KRISHNAN
United States Magistrate Judge